IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM HOLLAND, #248927** | * | |
| *Plaintiff,* | * | |
| v. | * | CIVIL ACTION NO. RWT-11-745 |
| | * | |
| **WARDEN,** | * | |
| **WESTERN CORRECTIONAL** | * | |
| **INSTITUTION** | * | |
| *Defendant.* | * | |
| | * | |
| | * | |
| | * | |

**MEMORANDUM OPINION**

Western Correctional Institution ("WCI") inmate William Holland ("Holland") filed a Complaint on March 18, 2011, claiming that he has been removed from protective custody against his will. He alleged that his life would be in jeopardy in WCI general population as: (1) there is a "hit" out on his life and his brother's life initiated by relatives of their rape and murder victim; (2) those relatives are influential members of the Black Guerrilla Family ("BGF") and "notorious" Special Threat Group ("STG") gangs; (3) named members of these gangs have previously attacked him and his brother in prison; (4) other members of the BGF gang are housed at WCI and have issued numerous death threats; and (5) the institution is aware of these issues but refuses to keep him on protective custody or to properly document his list of enemies. *See* Compl. ECF No. 1. Holland claimed that he refused general population housing and has been subject to disciplinary segregation since November 26, 2008, when he was involuntarily removed from protective custody. *Id.*; *See also* First Amend. Compl, ECF No. 4. He further claimed that after he was ordered placed in general population he was threatened by gang members. *See* Second Amend. Compl. ECF No. 6. Holland seeks return to protective custody and $15,000.00 in damages. *Id.*

In the Defendant's Response to Order to Show Cause, construed as a motion for summary judgment, Defendant states that Holland was placed on protective custody in 2004 due to publicity

of his criminal case at the time of its occurrence from 1993-1995[1] and due to his claim that he had multiple enemies. *See* Decl. Tennille Winters, Ex. 1, ECF No. 3-1. Defendant acknowledges that in November of 2008, Holland was recommended for removal from protective custody due to the limited number of enemies and the length of time since the commission of his criminal offenses. *Id* at ¶ 4. In sum, Defendant states that Holland has no verified enemies at WCI and as his crime occurred many years earlier, the notoriety factor no longer exists. Warden Morgan contends that Holland has written him several times claiming that his life is in danger and that he has several inmates listed as enemies. *Id*.; *See also* Correspondence, Ex. 4, ECF No-3-4; Correspondence, Ex. 5, ECF No. 3-5; Correspondence, Ex.6, ECF No. 3-6; Correspondence, Ex. 7, ECF No-3-7. Finally, Defendant maintains that none of Holland's avowed enemies is housed at WCI and there have been no incidents against him since his 2008 removal from protective custody. Decl. Tennille Winters, Ex. 1, ECF No. 3-1. He asserts that Holland's situation will continue to be closely monitored.

On June 15, 2011, the Court issued an Order which treated Defendant's pleading as a motion for summary judgment and directed that Holland be notified of same and of his entitlement to file opposition materials. *See* ECF No. 9. Although notice was issued pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (1975), Holland did not file a response. *See* ECF Nos. 8 & 10.

Under Supreme Court law, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See WV Ass'n of Club Owners & Fraternal Servs., Inc. v.*

---

[1] Holland was convicted of first-degree murder and rape of a 7-year old child and sentenced to life without the possibility of parole.

*Musgrave,* 553 F.3d 292, 298 (4th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7 (2008)).[2]

The Court has reviewed the aforementioned pleadings and concludes that the granting of injunctive relief is not warranted in this case. The required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983). Holland seeks in part to be permanently housed on protective custody. The Court finds that Holland has not met his burden of establishing that he will be irreparably harmed if such relief is not granted. His allegations have been investigated by prison staff who found nothing to substantiate his claims. Further, no inmate named by Holland as an enemy or found on his enemy list is confined at WCI. He has failed to prove that his placement on general population would place him in such circumstances where there will be a specific or pervasive risk of harm to his safety. The Court further observes that given evidence in the record, there is no substantial likelihood that Holland could succeed on the merits of his civil rights claims. He has not been subject to physical injury[3]

---

[2] The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Manufacturing Co*., 550 F.2d 189 (4th Cir. 1997) is no longer to be applied when granting or denying preliminary injunctions. Rather, the standard articulated in *Winter* governs the issuance of such emergency relief in this circuit. *See Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, __U.S. __, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

[3] Holland also seeks money damages. In the absence of showing physical injury, his claim for damages may not proceed. The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for any emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

and there is no showing that the WCI administration was deliberately indifferent to Holland's safety concerns. No constitutional violation has been demonstrated.

For these reasons the Court shall dismiss the Complaint and grant Defendant's court-construed motion for summary judgment. A separate Order follows.

Date: <u>May 16, 2012</u>                                                   <u>            /s/                       </u>
                                                                                        ROGER W. TITUS
                                                                                 UNITED STATES DISTRICT JUDGE